**No. 56566.**—Gimbel Bros., Inc. *v.* United States, protest 179231–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise, consisting of 4½ dozen pairs of men's leather gloves, missing from case 5430/2, was not in fact imported. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon the 4½ dozen pairs of men's leather gloves, missing from case 5430/2. The protest was sustained to this extent.

**No. 56567.**—Atalanta Products Corp. *v.* United States, protests 172740–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issue and merchandise herein are the same in all material respects as those involved in *Axel Stokby et al.* v. *United States* (4 Cust. Ct. 343, C. D. 358), except that in the liquidation of the entries covered by the instant protests, an allowance was made for gelatinous substance equal to 10 percent of the content of the tins, whereas there should have been a larger percentage allowed for the gelatinous substance. In accordance with stipulation of counsel and following the decision cited the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight of the contents of the cans, less such percentage allowance for the gelatinous substance contained in the respective tins, as set forth in the decision.

**No. 56568.**—Doulton & Co., Inc. *v.* United States, protest 179373–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of earthenware and china figures similar in all material respects to the figures passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.